IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MERLIN STARK | § | |
| | § | |
| | § | |
| -v- | § | Civil No. _____ |
| | § | |
| GW STRAHAN, L.L.C. | § | |
| d/b/a Pro-Quip Rentals | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, MERLIN STARK, hereinafter referred to as "Plaintiff," and files her Original Complaint complaining of GW STRAHAN, L.L.C., d/b/a Pro-Quip Rentals, hereinafter referred to as "Defendant Pro-Quip," and would show unto the Court as follows:

### I.
### SUMMARY

This is failure to pay overtime case.  Plaintiff was employed by Defendant Pro-Quip.  For the past three (3) years, Defendant have not paid Plaintiff overtime pay as required by the Fair Labor Standards Act ("FLSA").

Defendant paid the Plaintiff an hourly rate for each hour worked.  The Plaintiff would routinely work over forty hours in a workweek.  Defendant routinely would pay the Plaintiff at his regular rate only for up to forty hours and then would instead attempt to credit Plaintiff with "comp time" in lieu of the premium pay that should have been paid under the FLSA.  The failure to pay the Plaintiff at one-and-one half times his regular rate for hours over forty in a workweek is a plain, simple

violation of the FLSA. Moreover, when Plaintiff separated from his employment with Defendant, Defendant failed and refused to pay anything in consideration of the so-called "comp time" hours that had been "posted to Plaintiff's account."

For these reasons, plaintiff seeks unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

## II.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in Texas.

## III.
## PARTIES

2. Plaintiff, Merlin Stark, is a resident of Texas and worked as an hourly, non-exempt for Defendant.

3. Defendant, GW Strahan, LLC, d/b/a Pro-Quip Rentals, is a Domestic Limited Liability Company and employer within the meaning of FLSA, 29 USC §203(d).

## IV.
## FACTUAL ALLEGATIONS

4. During the past three (3) years, Defendants paid Plaintiff a regular hourly rate for all hours worked.

5. Plaintiff worked for Defendants in Hardin County.

6. Plaintiff is not exempt from the FLSA because he is paid on an hourly basis and should be compensated for appropriate overtime.

7. During the last three (3) years, the Plaintiff regularly worked in excess of forty (40) hours in a workweek.

8. Plaintiff was paid an hourly rate for the forty (40) hours in a workweek, then asked to "bank" the overtime and use as comp time.

9. Defendant failed to pay Plaintiff one-and-one-half times his regular rate of pay for each hour worked over forty (40) in a workweek.

10. These practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* As a result of these unlawful practices, Plaintiff suffered a loss of wages.

11. Moreover, when Plaintiff separated from his employment with Defendant, Defendant failed and refused to pay anything in consideration of the so-called "comp time" hours that had been "posted to Plaintiff's account."

12. Defendant showed reckless disregard for the fact that its failure to pay Plaintiff appropriate overtime compensation was in violation of the law. Defendant's actions were "willful" as that term is defined under the Fair Labor Standards Act.

13. All conditions precedent to the filing of this suit have been satisfied.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant him:

14. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty (40);

15. Judgment against Defendant that their violations of the FLSA were willful;

16. An equal amount to the wage damages as liquidated damages;

17. To the extent that the law allows an award of prejudgment interest;

18. All costs incurred and reasonable attorney's fees for prosecuting these claims; and

19. Such further relief as the court deems just and equitable.

Respectfully submitted,

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone: (409) 838-1000
Telecopier: (409) 833-8236

By: */s/ John Werner*
John Werner
Texas Bar No. 00789720
jwerner@rmqlawfirm.com

**Attorney for Plaintiff**