IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MERLIN STARK | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:18-cv-209 |
| | § | |
| GW STRAHAN, LLC | § | |
| d/b/a PRO QUIP RENTALS | § | |

## JOINT MOTION TO APPROVE SETTLEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MERLIN STARK and Defendant, GW STRAHAN, LLC d/b/a PRO QUIP RENTALS, (collectively, the "Parties") and hereby file this Joint Motion to Approve Settlement.

## I.
## BACKGROUND

1. Plaintiff filed this lawsuit against Defendant seeking to recover unpaid overtime wages, liquidated damages, attorney fees and all other relief available under the Fair Labor Standards Act (the "FLSA") based on claims Defendant violated the FLSA by failing to pay Plaintiff an overtime premium for time worked in excess of 40 hours per week. GW STRAHAN, LLC d/b/a PRO QUIP RENTALS timely filed an answer denying Plaintiff's allegations and asserting various affirmative defenses. Following written discovery and Plaintiff's deposition, the parties have reached agreement on a proposed resolution to this dispute.

## II.
## THE NEED FOR COURT APPROVAL

2.  While Court approval of a bona fide dispute under the FLSA is not required in the Fifth Circuit, the parties are nonetheless seeking court approval of the settlement. *See* 29 U.S.C. § 216; *Martin v. Spring Break '83 Productions*, 688 F.3d 247 (5th Cir. 2012); *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608 (W.D.Tex.2005); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

## III.
## THE SETTLEMENT IS FAIR AND REASONABLE
## IN LIGHT OF THE UNCERTAINTY OF THE OUTCOME

3.  The Parties' Settlement is fair and reasonable because uncertainty exists in this case with respect to the disputed facts and legal authorities and standards to be applied. In particular, the parties dispute:

    a.  Whether or not Plaintiff can be classified as an "exempt" employee in that he was often the highest-ranking person at the business;

    b.  The number of hours worked by Plaintiff; and

    c.  Whether or not Defendant's failure to pay overtime was "willful" as that term is defined by law.

Given the above bona fide disputes surrounding liability and damages, the parties believe the instant settlement is fair and reasonable under the facts and circumstances of this particular case. Within ten (10) business days of entry of the

Court's Order granting this Amended Joint Motion to Approve Settlement, Final Judgment, and Covenant Not to Execute, Defendant will deliver to Plaintiffs' counsel the first payment pursuant to the settlement agreement.

WHEREFORE, Plaintiff and Defendant respectfully request that the Court issue an order approving the Settlement as set forth above and enter Judgment in the Form attached hereto as Exhibit "A".

                Respectfully submitted,

                REAUD, MORGAN & QUINN, L.L.P.
                801 Laurel Street
                Post Office Box 26005
                Beaumont, Texas 77720-6005
                Telephone: (409) 838-1000
                Telecopier: (409) 833-8236

By: _____
      John Werner
      State Bar No. 00789720
      jwerner@rmqlawfirm.com

                **Attorney for Plaintiff**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been properly transmitted to all appropriate parties on the 10 day of December 2018.

_____
John Werner