IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MERLIN STARK | § | |
| | § | |
| | § | |
| -v- | § | Civil No. 1:18-cv-00209 |
| | § | |
| GW STRAHAN, L.L.C. | § | |
| d/b/a Pro-Quip Rentals | § | |

## FORBEARANCE AGREEMENT AND COVENANT NOT TO EXECUTE

THIS FORBEARANCE AGREEMENT AND COVENANT NOT TO EXECUTE is entered into this __7th__ day of __December__, __2018__, by and between MERLIN STARK and GW STRAHAN, L.L.C. d/b/a Pro-Quip Rentals.

### I.
### RECITALS

WHEREAS, Judgment Creditor presently has a claim for unpaid wages against the Judgment Debtor as set forth in the Complaint filed on May 9, 2018 as Case No. 1:18-cv-00209 in the United States District Court for the Eastern District of Texas – Beaumont Division (the "Litigation");

WHEREAS, Judgment Creditor has agreed to forebear on the terms and conditions set forth in this Agreement, provided that Judgment Debtor executes, delivers, observes and performs this Agreement; and

WHEREAS, Judgment Debtor has agreed to do so, all in accordance with the terms hereof.

NOW, THEREFORE, in consideration of the premises and mutual covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Judgment Creditor and Judgment Debtor agree as follows:

1. Judgment Debtor has requested and Judgment Credit has agreed to and in accordance with the terms of this Agreement, Judgment Creditor will forbear from taking immediate legal action to execute on its Judgment or to otherwise garnish or levy the Judgment Debtor in order to collect the amounts due, but only for so long as Judgment Debtor complies with the terms of this Agreement.

2. Judgment Debtor agrees to pay the Judgment as follows: $12,000.00 within 5 business days of the Entry of Judgment in this matter; and $500.00 per month on the 1st of each month thereafter for 36 additional months, for a total of $30,000. This payment is separate from the payment of $1,210 for the barbeque pit.

3. So long as payments remain current hereunder, Judgment Creditor agrees that it will not at any time, nor shall anyone on its behalf, enforce by execution or otherwise, the Judgment which has been rendered in the Litigation as set forth above.

4. Judgment Debtor shall have ten (10) days after notice of the default is delivered to its counsel of record, Dallas Jackson Barrington, ROEBUCK, THOMAS, ROEBUCK & ADAMS, PLLC, 1100 South Pecan Street, Kountze, Texas 77625 to cure any default.

5.  If Judgment Debtor fails to make any monthly payment as it becomes due and payable hereunder on or before the due date, then in that event Judgment Creditor shall be considered delinquent in its payments and shall, as a result thereof, be in default hereunder. If the Judgment Debtor fails to cure the default within ten (10) days as aforesaid, then the entire outstanding remaining principal amount hereof, together with all accrued interest, costs and fees, will be deemed automatically and immediately due and payable, and the Judgment Creditor may thereupon immediately commence execution proceedings on the Judgment Debtor.

6.  This Covenant Not to Execute shall be interpreted according to Texas law, and each party is entitled to enforce this Covenant and recover any costs or fees which it may incur in the enforcement of this Covenant in the event of a default by the other party.

7.  It is further agreed that this Covenant Not to Execute will not be filed with the Clerk of the Court and will not be recorded, but entry and recordation shall be stayed so long as the Judgment Debtor is current with its payments hereunder.

8.  At such time as payment in full is made hereunder, without any uncured default having ever occurred hereunder, then the Judgment Creditor shall execute a Satisfaction of Judgment and file it in the Litigation. Judgment Creditor shall also return to Judgment Debtor's counsel the original of this document or, if the original has been lost, Judgment Creditor shall affirm that the document shall never be entered in the Litigation and will be destroyed if found.

9. Judgment Debtor has requested and Judgment Creditor has agreed, to and in accordance with the terms of this Agreement that although the amounts are presently due under the Default Judgment described above. Judgment Creditor will forbear from taking immediate legal action to execute on its Default Judgment or to otherwise garnish or levy the Judgment Debtor in order to collect the amounts due, but only for so long as Judgment Debtor complies with the terms of this Agreement.

10. Without waiving, curing or ceasing the continuance of the defaults, Judgment Creditor will forbear from taking collection action regarding the Default Judgment until an uncured default occurs as aforesaid ("Forbearance Period"), provided that such forbearance in no way relieves Judgment Debtor from liability under the Default Judgment or constitutes a waiver of Judgment Creditor's rights or remedies.

IN WITNESS WHEREOF, the parties have executed this Forbearance Agreement and Covenant Not to Execute on the day and year first above written.

THE PARTIES AGREE "AS TO FORM AND SUBSTANCE"

Judgment Creditor:

_____        12-10-18
MERLIN STARK                        DATE

Judgment Debtor:

_____        12/7/18
GW STRAHAN, L.L.C.                  DATE
d/b/a Pro-Quip Rentals

COUNSEL AGREE "AS TO FORM ONLY"

REAUD, MORGAN & QUINN, L.L.P.
801 Laurel Street
Post Office Box 26005
Beaumont, Texas 77720-6005
Telephone: (409) 838-1000
Telecopier: (409) 833-8236

By: _____
John Werner
Texas Bar No. 00789720
jwerner@rmqlawfirm.com

Roebuck Thomas Roebuck & Adams, PLLC
1100 Pecan Street
Kountze, Texas 77625
Telephone: (409) 246-3912
Telecopier: (409) 246-8546

By: _____
Dallas J. Barrington
Texas Bar No. 24048341
legalgeneralpractice@gmail.com